IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01020–CMA–KMT

HENRY G. VIGIL,

    Plaintiff,

v.

GOLDEN MARDI GRAS, INC., a foreign corporation, and
AFFINITY GAMING BLACK HAWK, LLC, a Colorado limited liability company,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Amend Complaint." (Doc. No. 23, filed Oct. 7, 2013.)  Pursuant to D.C.COLO.LCivR 7.1A and Fed. R. Civ. P. 6(d), Defendants had until October 31, 2013 to file a response.  No response was filed on or before that date.  For the following reasons, Plaintiff's Motion to Amend is GRANTED.

Plaintiff seeks to amend his Complaint (Doc. No. 1) to assert additional claims that were previously under CCRD and EEOC investigation.  Plaintiff maintains that these claims are ripe for adjudication in this matter because he received a Notice of Right to Sue with respect to these claims on August 26, 2013.

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen*

*Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

This case is in its relative infancy.  On July 3, 2013, District Judge Christine M. Arguello stayed all proceedings in this action until completion of the CCRD and EEOC investigation. (Order Granting Mot. Stay, Doc. No. 17.)  As a consequence, a Scheduling Conference, at which the court will set a deadline for amending the pleadings and joining parties, *see* Fed. R. Civ. P. 16(a)(3)(A), has not yet been held.  Thus, there can be little, if any, argument that Plaintiff's proposed amendments are unduly delayed or prejudicial.  Furthermore, because Defendants have not objected to Plaintiff's Motion to Amend, there is no argument, and the court does not otherwise find, that Plaintiff acted with a bad faith or dilatory motive, or that his proposed amendments are futile.  Therefore, it is

ORDERED that Plaintiff's "Motion to Amend Complaint" (Doc. No. 23) is GRANTED.

The Clerk of Court is directed to file Plaintiff's "Amended Complaint and Jury Demand" (Doc. No. 23-1).

Dated this 19th day of November.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge